UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| EVELYN HOLLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 2:18-cv-00350-JAW |
| | ) |
| DENIS MCDONOUGH, | ) |
| Secretary of Veterans Affairs | ) |
| | ) |
| Defendant. | ) |

**ORDER DENYING MOTION TO REOPEN CASE**

On September 5, 2018, Evelyn O. Holley, a former employee of the Veterans Affairs Medical Center in East Orange, New Jersey, filed a complaint in this Court alleging misconduct in relation to her complaints of workplace sex discrimination. *Compl.* (ECF No. 1). On November 2, 2018, the Secretary of Veterans Affairs[1] (the Secretary) filed a motion to dismiss or transfer the case based on improper venue. *Def. United States of America's Mot. to Dismiss Pursuant to Federal Rule of Civil Procedure 12(B)(3), or, in the Alternative, to Transfer Pursuant to 28 U.S.C. § 1406(a)* (ECF No. 7). On August 5, 2019, the Court affirmed the Magistrate Judge's recommendation to deny the motion to dismiss but grant the Secretary's motion to transfer the case to the District of New Jersey due to improper venue. *Recommended Decision on Mot. to Dismiss or Transfer* (ECF No. 10); *Order Affirming Recommended*

---

[1] Ms. Holley's Complaint before this Court named as a defendant Robert Wilkie in his capacity as Secretary of Veterans Affairs. *See Compl.* (ECF No. 1). Denis McDonough was sworn in as the Secretary of Veterans Affairs on February 9, 2021. *Def. Denis McDonough's Resp. to Pl.'s Mot. to Reopen* at 1 n.1 (ECF No. 17). Pursuant to Federal Rule of Civil Procedure 25(d), Secretary McDonough is substituted as the sole defendant in this action in his official capacity as Secretary of Veterans Affairs.

*Decision* (ECF No. 13). On August 6, 2019, Ms. Holley's case was docketed in New Jersey. *Acknowledgment of Receipt* (ECF No. 15); *see also Holley v. Wilkie*, No. 2:19-cv-16385-CCC-AME (D.N.J.).

On September 24, 2020, United States District Court Judge Claire C. Cecchi of the District of New Jersey ordered Ms. Holley to show cause as to why she should not be enjoined from pursuing her action, as Judge Joseph A. Greenaway, Jr. of the United States Court of Appeals for the Third Circuit had previously issued an injunction against Ms. Holley requiring her to seek permission from that court before filing any claims related to her previously adjudicated employment discrimination claims against the Secretary. *Holley*, 2:19-cv-16385-CCC-AME, *Order* at 1 (ECF No. 29). Judge Cecchi noted that Ms. Holley had filed at least thirteen other cases against the Secretary. *Id.* at 1-2. After allowing Ms. Holley an opportunity to respond and show cause, on December 10, 2021, Judge Cecchi ordered that Ms. Holley's claims against the Secretary be dismissed and the case closed. *Holley*, 2:19-cv-16385-CCC-AME, *Order* (ECF No. 35). Judge Cecchi noted that Ms. Holley insisted the injunction was unenforceable but had failed to seek reconsideration or relief from Judge Greenaway's order. *Id.* at 3.

On December 20, 2021, Ms. Holley filed a motion in this Court to request that it reopen her case, which it had transferred on August 5, 2019. *Reinstatement of Case* (ECF No. 16). Ms. Holley contends that, while she was living in Maine with no plans to return to New Jersey, Judge Greenaway improperly enjoined her with an order that "did not comply with the [prior] Third Circuit decision" in her case. *Id.* at 3.

According to Ms. Holley, although Judge Cecchi's order "terminated the case in the District of New Jersey," her case in the District of Maine "has been held in abeyance since the date of [the] August 6, 2019 Transfer to the District of New Jersey until the December 10, 2021 Case Closure." *Id.* at 4. She insists that "In the Interest of Justice" the Court must reinstate her Title VII case. *Id.*

On January 10, 2022, the Secretary objected, maintaining that this Court lacks jurisdiction even to consider Ms. Holley's motion. *Def. Denis McDonough's Resp. to Pl.'s Mot. to Reopen* at 3 (ECF No. 17) (*Def.'s Opp'n*). The Secretary further concluded that Ms. Holley is "clearly seeking to reopen her case in this District in an effort to collaterally attack Judge Cecchi's order." *Id.* at 3 n.2. On January 19, 2022, Ms. Holley replied. *Pl.'s Opp'n to Def.'s Resp. to Pl.'s Mot. to Reopen* (ECF No. 18). In her reply, Ms. Holley maintains that Judge Greenaway's injunction is invalid, "violated her constitutional rights," and should have no effect upon her ability to litigate her case as a Maine resident in this District. *Id.* at 4. She submits that re-filing her Title VII case in the state of Maine "represents a hardship for [her] and is an unnecessary burden." *Id.* Instead, she requests that the Court allow her to reopen this previously transferred District of Maine lawsuit. *Id.*

I. **DISCUSSION**

First, the Court agrees with the Secretary that it no longer has jurisdiction over Ms. Holley's case as on August 6, 2019, the District of New Jersey docketed her Complaint and assigned it to a presiding judge. *Holley*, No. 2:19-cv-16385-CCC-AME; *see also Walter v. Isherwood Enters., Inc.*, No. 2:13-cv-00445-JAW, 2014 U.S. Dist.

LEXIS 69574, at *15 (D. Me. May 20, 2014) (concluding that transferor court "retained jurisdiction over [transferred] case until [it] was received in [transferee] Court"). "Because this [C]ourt lost jurisdiction over [Ms. Holley's] claims, and because nothing has happened to restore jurisdiction, this [C]ourt may not proceed any further with regard to" Ms. Holley's action. *Chawla v. Heffernan*, No. 18-cv-238-SM, 2019 U.S. Dist. LEXIS 63952, at *3 (D.N.H. Apr. 15, 2019).

Moreover, the Court agrees with the Secretary that Ms. Holley "offers no explanation as to why such relief is warranted in this matter, or why, despite this Court's prior conclusions, venue is now proper in this District." *Def.'s Opp'n* at 3 n.2. Ms. Holley cannot reopen her case in this District in an effort to collaterally attack Judge Cecchi's order. Once transferred, her case became New Jersey's case, not Maine's, and if she believes the New Jersey District Court committed legal error, her remedy must lie with the New Jersey District Court or with the Court of Appeals for the Third Circuit, which has appellate jurisdiction over the rulings of the district courts for the District of New Jersey. Simply put, the United States District Court for the District of Maine is not a proper forum for challenging the legal rulings of the United States District Court for the District of New Jersey and of the Court of Appeals for the Third Circuit.

The Court DENIES Evelyn O. Holley's Motion to Reopen (ECF No. 16).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 27th day of January, 2022